**Ydresse BONIFACE, Petitioner,**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Department of Justice, Respondents.**

No. 06–3470–ag.

United States Court of Appeals, Second Circuit.

July 18, 2007.

Gregory C. Osakwe, Hartford, CT, for Petitioner.

James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ydresse Boniface, a citizen of Haiti, seeks review of a June 26, 2006, order of the BIA affirming the February 18, 2005, decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Ydresse Boniface*, No. A95 218 810 (B.I.A. June 26, 2006), *aff'g* No. A95 218 810 (Immig.Ct.Hartford, Conn., Feb. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

### I. Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" include those issues over which the courts traditionally exercised jurisdiction in "habeas review over Executive detentions." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326–27 (2d Cir.2006).

Far from raising a constitutional claim or a question of law, Boniface makes only a bald argument that we can exercise jurisdiction over the IJ's decision that his application was untimely. Accordingly, we dismiss Boniface's petition to the extent that it challenges the denial of his asylum claim.

### II. Withholding of Removal and CAT Relief

Eligibility for withholding of removal and relief under the CAT are not subject to the one-year bar and must be considered regardless of the timeliness of the initial asylum request. *See Xiao Ji Chen*, 471 F.3d at 332, 340. Nevertheless, we deny the petition for review because the IJ's adverse credibility determination was supported by substantial evidence.

To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). In his decision, the IJ noted several inconsistencies between Boniface's asylum interview statements and his hearing testimony. Boniface stated during his asylum interview that his problems with the Convergence Party began in December 2000 when his cousins were attacked by four Convergence members. At the hearing on the merits, however, Boniface testified that

the first incident was an attack on him by five Convergence members. Similarly, Boniface told the asylum officer that the Convergence members attacked him at his home only after his cousins moved in with him. At the hearing on the merits, by contrast, Boniface testified that the Convergence members were looking for him personally, not his cousins, when they came to his house. The IJ also noted that at the asylum hearing, Boniface stated that during the attack on his home, he was beaten by fifteen men with sticks, while he later testified that the home attack consisted of punches and bites from five men.

Boniface mentioned his father's murder at the hands of Convergence for the first time during his hearing on the merits. The IJ reasonably relied on and found it significant to his adverse credibility determination that Boniface did not mention his father's death either in his I–589 form or in his asylum interview. The omitted fact was central to Boniface's claim, given that he has alleged a fear of the same people he asserts killed his father.

Because the IJ's findings regarding these inconsistencies and omissions involved an analysis of an asylum interview, we consider whether the asylum officer provided a "meaningful, clear, and reliable summary of the statements made by [the applicant] at the interview." *See Maladho Djehe Diallo v. Gonzales,* 445 F.3d 624, 631–33 (2d Cir.2006) (internal quotation marks omitted). Although there was not a verbatim transcript or list of specific questions, the asylum officer prepared a thorough summary of Boniface's statements, including dates, numbers and orders of events. Because the inconsistencies upon which the IJ relied pertain to the order and nature of the events that were carefully noted by the asylum officer, the asylum interview summary is reliable as a basis for the adverse credibility determination,

and because the discrepancies were central to Boniface's claim, the IJ's determinations based upon them were supported by substantial evidence. *See Secaida–Rosales,* 331 F.3d at 307.

The IJ also noted internal inconsistencies and omissions in Boniface's hearing testimony. Boniface did not remember when his father was killed, other than to say it was before he came to the United States, or "around March." Boniface also testified initially that the presidential elections in Haiti were in December 2001, then said December 2000, and then continued to insist it was December 2000 even after being confronted with a State Department report giving the date as November 2000. We have held that inconsistencies regarding dates are not always adequate to support an adverse credibility finding. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000). Here, however, the discrepancies were significant, as Boniface was well off the mark on the dates of the presidential election and could not remember when his father was murdered by the same group he claims to fear. In addition, the IJ did not place excessive reliance on chronological discrepancies, noting only that they "undercut" Boniface's testimony, while labeling the other bases for the adverse credibility determination "significant."

As the inconsistencies bore directly on whether Boniface was ever beaten or attacked because of his political views, and thus upon whether he experienced past persecution or had a well-founded fear of future persecution, the adverse credibility determination was based upon a "specific, cogent reason" bearing a "legitimate nexus" to the finding. *See Secaida–Rosales,* 331 F.3d at 307. A reasonable adjudicator would not be compelled to credit Boniface's explanation for the inconsistencies, that his poor education and lack of ability in English inhibited proceedings; the rec-

ord reflects that an interpreter was present and Boniface's answers to the IJ's questions demonstrated that he understood the proceedings. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Because the only evidence of a threat to Boniface's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, because the only evidence that Boniface was likely to be tortured depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).